*836 OPINION.
Lansdon:
The issues and facts of this proceeding are fully set forth above. A careful study of the operating agreement convinces us that the fee owners of the Norman Mine and the Oliver Mining Co. were engaged in a joint venture. With this conclusion the respondent agrees, since his attorney, in his brief, says that “It is submitted that the taxpayer’s attorney clearly designated the nature of the relationship created by the agreement dated January 2, 1913,. as a joint venture.” It follows, therefore, that the fee owners, including the petitioner, were engaged in the business of mining and selling iron ore, and that the profits therefrom should be accounted for in the respective years in which they were realized.
The Oliver Iron Mining Co. kept its books in the manner provided by the agreement and at regular intervals submitted copies of its accounts to the petitioner. Such accounts established no basis for ascertaining the income of the Oliver Iron Mining Co., since their sole purpose was to show the net profits flowing from the operation *837 of the mine under the agreement. No allowances were made for the depreciation of assets or for the depletion of the ore reserves. Many of the cash items were artificial, because they were based upon fair market value rather than actual outlay by the Oliver Iron Mining Co. In these conditions we are satisfied that the books so kept represented the accounting of the joint venture in which the petitioner had an interest. Except for a few expense items, the books kept by the petitioner were no more than a record of banking entries and certainly do not constitute a complete record in an accounting sense of the business in which it was engaged, and, therefore, do not reflect its true income for the taxable years here involved. .
Section 212 (b) of the Revenue Act of 1918, which deals with the bookkeeping methods of taxpayers, provides that, “if the method [of accounting] does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.” In the instant proceeding the petitioner realizes income when ore is sold from the property. Some of the profits were retained in the business to provide capital for future operations. Failure to include the amounts so retained in the computation of the petitioner’s tax liability as and when received would permit such income to escape taxation in the year in which it was realized. We are of the opinion, therefore, that the income of the petitioner should be computed on the accrual basis and that the accounts of the Oliver Iron Mining Co. in respect of the Norman Mine in connection with the fragmentary books of the petitioner contain the proper and necessary data for such computation.
Inasmuch as we have held that the income of the petitioner should be based upon accruals, it is unnecessary to determine the question of constructive receipts, since all accrued items would be included in income in the year when such items were accruable.
This decision also necessitates a complete recomputation of invested capital, since the earnings and surplus for each year would be affected. For the year 1917 the petitioner claims that the January 1,1914, value of its assets was in excess of the par value of the stock specifically issued therefor. In this connection it is noted that the one-half fee interest in the Norman Mine, acquired by the petitioner, was paid for with $300,000 par value of its capital stock and $35,000 in cash or its equivalent. We are not informed as to the value of the one-half fee interest on the date when acquired by the petitioner, and therefore are unable to find what proioortion of such interest was acquired by the payment of stock. It is clear, however, that the issuance of stock did not purchase the entire half interest, and that a certain proportion thereof was paid for with cash. In view of *838 this situation we are unable to hold that the Commissioner erred in determining the invested capital for the year 1917, except to the extent that this decision affects the computation.
Reviewed by the Board.

Judgment mil he entered under Rule 50.

Maequette, Smith, and Teammell dissent.